# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAH COLOR TECHNOLOGIES LLC,

    Plaintiff,

v.

QUAD GRAPHICS,

    Defendant.

Case No. 18-CV-87-JPS

**ORDER**

**1.    INTRODUCTION**

This is an action for patent infringement. Plaintiff holds patents on various color printing technologies and claims that Defendant is using those technologies in its printing business without a license. (Docket #89). Plaintiff filed a motion to compel certain discovery responses on April 16, 2018. (Docket #95). The motion is now fully briefed. (Response, Docket #97; Reply, Docket #100). For the reasons explained below, the motion will be granted in part and denied in part.[1]

**2.    ANALYSIS**

Plaintiff's motion seeks four things:

    1. As required by Rule 33(b)(5), verifications of [Defendant]'s interrogatory responses 7-16;

    2. As required by Rule 33, responses to interrogatories 10-13 that provide the requested facts;

    3. As required by Rule 34(b)(2)(C) and 34([b])(2)([B]), unequivocal, specific responses to [Plaintiff's] document

---

[1] On June 21, 2018, Plaintiff filed a request for oral argument on its motion. (Docket #102). The Court rarely entertains oral argument on civil motions, and then only at its own prerogative, not that of the parties. The request is denied.

requests, or an Order that [Defendant] has waived its objections to the document requests 4-17; and

    4. Fact discovery about the full scope of [Defendant]'s accused products.

(Docket #95-1 at 3). The Court will address each issue separately below. District courts have broad discretion in deciding matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

## 2.1 Verification

Federal Rule of Civil Procedure ("FRCP") 33(b)(5) states that a person answering interrogatories must sign them. Fed. R. Civ. P. 33(b)(5). Plaintiff says that Defendant has repeatedly failed to provide verification for its interrogatory responses, claiming that the verification would be provided "in due course," but never actually doing so. Defendant counters that it has now provided the desired verification, rendering the issue moot. Defendant further contends that the lack of verification should not have impeded Plaintiff's discovery efforts. Plaintiff rejoins that the new verifications are equivocal and do not actually comply with FRCP 33.

Defendant believes, without justification, that it can delay in providing verification of discovery responses based on the time and effort it would take to obtain such verification. This position is unsupported by FRCP 33. Plaintiff's motion must, therefore, be granted on this point. Defendant must immediately provide rule-compliant verifications for the subject interrogatories. Plaintiff further requests that future discovery responses be accompanied by verifications. In light of Defendant's past noncompliance with the verification rule, the Court will order this as well.

Plaintiff also seeks its fees and costs on this portion of its motion. There are two problems with this request. First, Plaintiff raised the fee issue for the first time in its reply brief. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018) ("[A]rguments raised for the first time in a reply brief are waived.") (quotation omitted). Second, Plaintiff cites the wrong rule. Plaintiff notes that if a motion to compel is granted, an award of fees and costs is mandatory (with some exceptions). Fed. R. Civ. P. 37(a)(5)(A). However, if a motion is not granted in its entirety, as is the case here, the Court is afforded discretion to award the movant its expenses. *Id.* 37(a)(5)(C). The Court will not order the payment of fees and costs here for both of the above-stated reasons. Further, Plaintiff did not ask for a specific amount or provide any evidence of its fees or costs associated with the verification issue.

### 2.2 Interrogatory Responses

#### 2.2.1 Interrogatory 10

Interrogatory 10 asks for information about which of Defendant's printing devices use one or more of the "Accused Products"— a defined list of twelve color management products made by EFI, Kodak, Heidelberg, and Adobe. Defendant says that Plaintiff's complaints about this interrogatory response were not aired out in any meet-and-confer calls, letters, or e-mails as required by Civil Local Rule 37. Plaintiff's response is that Defendant "is incorrect," without explaining why that is so or citing any evidence. (Docket #100 at 5 n.1). The Court will not hunt through the record to find support for Plaintiff's assertion. The motion to compel is denied on this point.

### 2.2.2 Interrogatory 11

This interrogatory seeks a list of information about the color management software and hardware used in Defendant's printing devices. The particular information sought is described in six detailed subparts. As with Interrogatory 10, Plaintiff connected this inquiry to the "Accused Products." Defendant offered a number of general objections as to vagueness and overbreadth. Defendant then responded to the question and its many subparts, categorizing its answers by manufacturer rather than each specific product.

Plaintiff's first concern is that Defendant did not answer the interrogatory in the manner it was asked. Defendant responds that it categorized by manufacturer because it "does not prefer to think of the accused products in the same categories" as Plaintiff. (Docket #97 at 20). Defendant did not, however, object to Plaintiff's definition of Accused Products. Defendant must answer the question as it was presented—a separate response as to each product.

More important, though, is Plaintiff's primary complaint: that Defendant's answer does not provide a meticulous factual response for each subpart of the interrogatory. Defendant suggests that its answer is adequate for two reasons. First, the answer is subject to the general objections noted above. It is not clear the precise effect of Defendant's general objections on the scope of its answer as a whole. Plaintiff seems to question the viability of the general objections, but does so in a conclusory fashion and only in its reply. (Docket #100 at 7). Plaintiff's failure to properly challenge those objections means that they remain valid.

Second, Defendant says that it provided as much information as its investigation has currently uncovered, and that it will supplement the

answer as the investigation continues. Plaintiff does not argue that Defendant's investigation has been inadequate, much less provide evidence to support that position. Thus, on the current state of the record, the Court is unable to grant Plaintiff any relief on this point. It is possible that since the filing of Plaintiff's motion, Defendant's investigation has progressed to the point where much more complete answers could be provided. The Court trusts that the parties will continue conferring on this matter and return for its assistance only if those efforts are again stalemated.

### 2.2.3 Interrogatories 12 and 13

Both of these interrogatories request specific narrative responses. The first asks how Defendant "ensures that colors printed . . . are consistent, and match client color requirements" and the second inquires how different printing presses are "centrally managed." (Docket #95-5 at 13–14). As with Interrogatory 11, Defendant interposed general objections. Again, Plaintiff faults Defendant for failing to defend those objections but without meaningfully attacking them in the first place. Thus, as before, the Court is unable to enter an order compelling any action at this time. The Court notes, however, that Defendant's responses are as bare-bones as possible even accounting for the objections. With the progression of discovery in this matter thus far, Defendant should certainly be equipped to provide much more thorough responses.

### 2.3 Request for Production Responses

Plaintiff initially complained that Defendant was withholding documents on the basis of improper boilerplate objections. Defendant's response brief, and Plaintiff's reply, seem to suggest that this is no longer an issue. Defendant claims that it supplemented its responses and stated that it would produce additional documents by May 15, 2018. Plaintiff's

reply contends that the volume of this supplemental production is rather limited and that no privilege log (which was promised) has yet been provided. The Court cannot grant a motion based on a new position taken in a reply. Nevertheless, the Court is unable to find substantial justification for Defendant's delayed document production. Thus, the Court encourages Defendant to immediately complete whatever document production is necessary and to produce a privilege log. If Plaintiff must file a new motion to compel on this issue, and Defendant still fails to rationalize its lagging compliance with the document requests, the Court may consider an appropriate sanction.

### 2.4 Discovery on Full Scope of Accused Products

Plaintiff wants Defendant to answer all of its discovery requests based on the definition of "Accused Products" found in its amended complaint. That definition identifies certain accused products by name and includes other products used by Defendant which have "the same or equivalent functionality" as those products specifically accused. *See, e.g.*, (Docket #89 at 11, 21, 32, 37). Plaintiff contends that it identified the expressly accused products through an investigation of publicly available information. The remainder of the potentially infringing products are known only to Defendant, and so Plaintiff asks that Defendant identify them.

Defendant has two primary concerns with this approach. First, some of Plaintiff's discovery requests include a definition of "Accused Products" without using the "same or equivalent functionality" phrase. *See* (Docket #98-1 at 3; Docket #98-2 at 4). Defendant says that it answered those inquiries in accordance with the definition appended to them. Second, even absent the narrowed definition, Defendant claims that the "same or

equivalent functionality" phrase is too vague to be answered. Defendant does not know precisely what Plaintiff would consider the "same or equivalent functionality" for any particular accused product. Further, it is Plaintiff's burden to appropriately define the accused products in its pleading. Defendant argues that Plaintiff's approach violates federal pleading rules, particularly as applied to patent infringement defendants.

The Court concludes that a middle path between the parties' positions is appropriate. As it stands, at least some of Plaintiff's discovery requests are limited to the narrower "Accused Product" definition. Defendant is correct that this definition controls for purposes of answering those requests. As to any requests that rely on the amended complaint's definition, Plaintiff's position is more persuasive. The scope of discovery is bounded by the pleadings. If Defendant had concerns with Plaintiff's amended complaint, it should have filed a motion to dismiss. It did not. *See Terry v. Cnty. of Milwaukee*, Case No. 17-CV-1112-JPS, 2018 WL 1411234, at *2 (E.D. Wis. Mar. 21, 2018).

Defendant's responses to requests using the pleadings definition must, therefore, include information about products with the "same or equivalent functionality." Of course, this may not be as helpful as Plaintiff believes. Defendant is free to answer the requests in accordance with its obligations under the rules of ethics and procedure, as well as the descriptions of the products in the amended complaint. Its interpretation of those guidelines may be different than Plaintiff's, but affords Plaintiff no basis for complaint. The "same or equivalent functionality" is indeed an amorphous concept, and Defendant need not attempt to enter Plaintiff's mind to find a better expression of it.

3.   **CONCLUSION**

Unfortunately, the Court is dismayed to find that the majority of the parties' arguments are mere sandbox spats, which have nonetheless generated substantial briefing, occupied the Court's time, and expended client resources. Thus, the Court is obliged to remind counsel for the parties that, as officers of the Court, they must conduct themselves in a professional manner at all times as the case continues to ensure that this matter is appropriately prepared for trial. Additionally, prior to the filing of any further discovery motions, counsel for the parties must confer in much greater detail and redouble their efforts to ensure that they have truly reached an impasse on a particular issue and that prompt supplementation will not suffice to assuage any concerns. For now, Plaintiff's motion will be granted in part and denied in part as described above. The Court will also grant the parties' motions to seal their filings in connection with the motion to compel. (Docket #94, #96, and #99).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #95) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order; and

**IT IS FURTHER ORDERED** that the parties' motions to seal (Docket #94, #96, and #99) be and the same are hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge